**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| FIRST FARMERS BANK & TRUST CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:25-cv-02259-TWP-MG |
| BERKLEY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT BERKLEY INSURANCE COMPANY'S**
**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Berkley Insurance Company ("BIC") files this Response to Plaintiff's Notice of Supplemental Authority (the "Notice") (Dkt. 39), and respectfully states as follows:

**1.** **Actual Physical Possession:** The Financial Institution Bond in *SVB* did not define the term "original." *Id.* at 4. As such, the FDIC argued that in today's banking world, it was reasonable to consider PDF copies of loan documents as "originals." *Id.* at 5. The *SVB* court agreed, finding that because the bond did not define the term "original," it was ambiguous and, under California law,[1] should be construed against the insurers. *Id.* The court then found the term "physical possession" ambiguous, reasoned that "nothing in the clause appears to suggest that electronic storage is prohibited," and again construed the term against the insurers, concluding that the bank "physically possessed" such original loan documents. *Id.* The *SVB* court's decision is distinguishable because the Berkley Bond ***does*** define the term "original"; it means "the first rendering or archetype and **does not include** photocopies or **electronic transmissions** even if received and printed." Bond, Dkt. 25-1, at 20 (emphasis added). As such, unlike in SVB, the Berkley Bond makes expressly clear that there is no such thing as an "original" loan document

[1] *SVB* was decided under California law. *Id.* at 4.

received electronically. Therefore, Plaintiff could not have actual physical possession of the "original" loan documents electronically.

**2.** **Good Faith and Causation:** The Berkley Bond limits coverage to loss resulting directly from the insured having, in good faith, advanced money on any enumerated document. Bond, Dkt. 25-1, at 2. In its summary judgment brief, BIC argued that these conditions were not met because there is no evidence in the record that Plaintiff relied upon either the "original" loan documents, or even the PDF copies thereof. BIC Brief, Dkt. 32, at 23-24; 43. Nothing in the *SVB* decision changes this fact.

Plaintiff also suggests that the Court look to the *SVB* opinion for the proposition that "loss resulting directly from" is equivalent to an "efficient proximate cause" standard. But *SVB* interprets different law. Here, the Seventh Circuit has ruled that "direct means direct," not efficient proximate cause. *First State Bank of Monticello v. Ohio Cas. Ins. Co.*, 555 F.3d 564, 571 (7th Cir. 2009).

**3.** **Construction of Bond Terms:** Plaintiff finally argues that *SVB* is relevant because of its statement that ambiguities in insurance policies will be resolved by "looking to the expectations of a reasonable insured." *SVB Fin. Grp.*, 2026 WL 2942558, *4. That statement has no bearing on this case for two reasons. First, none of the terms in BIC's bond are ambiguous. Second, even if they were, none of the terms here would be construed against BIC because they all emanate from the standard form Financial Institution Bond promulgated by The Surety & Fidelity Association of America in conjunction with the American Banker's Association. As such, in the Seventh Circuit, the doctrine of *contra proferentem* is inapplicable. *First Nat'l Bank, Manitowoc v. Cinn. Ins. Co.*, 485, F.3d 971, 976-77 (7th Cir. 2007).

Respectfully submitted,

*/s/ Michael Keeley*

**MICHAEL KEELEY** (admitted *pro hac vice*)
Texas State Bar No. 11157800
mkeeley@clarkhill.com
**CLARK HILL PLC**
901 Main Street, Suite 6000
Dallas, TX 75202-3794
(214) 651-4718
(214) 659-4121 Fax

-and-

**SCOTT A. HARKNESS**
Indiana Bar No. 16418-49
sharkness@ncs-law.com
**KATELYN H. JUERLING**
Indiana Bar No. 34332-49
kjuerling@ncs-law.com
**NORRIS CHOPLIN SCHROEDER**
101 West Ohio Street, Ninth Floor
Indianapolis, IN 46204-4213
(317) 269-9330
(317) 269-9338 Fax

**ATTORNEYS FOR DEFENDANT BERKLEY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been filed electronically in CM/ECF as prescribed by the Court's electronic case filing procedures and that a true and correct copy thereof is thereby being served electronically under Fed. R. Civ. P. 5 on counsel for plaintiff on November 3, 2026.

*/s/ Michael Keeley*
Michael Keeley